UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-28-DJH-CHL

**JILL ROSE,**                                                                                                                                 **Plaintiff,**

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**         **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff Jill Rose ("Plaintiff") for leave to file a surreply ("Motion for Surreply") (DN 25) in opposition to the motion of Defendant Liberty Life Assurance Company of Boston ("Defendant") as to the applicable standard of review. (DN 20.) Defendant has filed a response in opposition to the Motion for Surreply, and Plaintiff has filed a reply. (DN 26, 27.) The Motion for Surreply is now ripe for review. For the following reasons, the Motion for Surreply is DENIED.

## Background

Plaintiff asks that the Court grant her leave to file a surreply in opposition to Defendant's motion (DN 20) seeking application by the Court of an arbitrary and capricious standard of review rather than a *de novo* standard of review. Plaintiff filed a response and Defendant filed a reply. (DN 22, 24.) Following the filing of Defendant's reply, the motion regarding standard of review was considered ripe and was submitted to the District Judge for resolution. (*See* LR 7.1(g) ("A motion is submitted to the Court for decision after completion of the hearing or oral argument – or if none – after the reply memorandum is filed, or the time for filing the reply memorandum has expired.") Thereafter, Plaintiff filed her Motion for Surreply.

In the Motion for Surreply, Plaintiff argues that Defendant raised an argument for the first time in its reply regarding standard of review. (DN 24.) Specifically, Plaintiff contends that prior to filing its reply, Defendant did not argue that in denying Plaintiff's insurance claims, Defendant exercised its discretion as plan administrator. Analogizing the situation to a party that raises an argument for the first time in an appellate brief, Plaintiff argues that a party waives an issue raised for the first time in a reply brief. She suggests that the proper remedy would be for the Court to strike the reply (DN 24) or permit her to file her proposed surreply, which she filed as an attachment to her Motion for Surreply. (DN 25-1.) In its response, Defendant argues that the Court should deny the Motion for Surreply because (1) Plaintiff attempts to use her proposed surreply to contradict her own arguments in her complaint; (2) Plaintiff attempts to use the proposed surreply to raise a new argument and have the last word; and (3) the authority upon which Plaintiff relies in her proposed surreply is inapposite. (*See generally* DN 26.) Finally, in her reply, Plaintiff reiterates her arguments in her Motion for Surreply and requests that the Court give her "a fair chance to respond" to the new arguments raised by Defendant in its reply. (DN 27 at 2.)

## Discussion

Whether to permit a party to file a surreply is a matter left to the trial court's discretion. *See Key v. Shelby County*, 551 Fed. Appx. 262, 264 (6th Cir. 2014) (citing *Eng'g Mfg. Servs., LLC v. Ashton*, 387 Fed. App'x 575, 583 (6th Cir. 2010); *Tanielian v. DaimlerChrysler Corp.*, 108 F. App'x 386, 387 (6th Cir. 2004)). "Although the Federal Rules of Civil Procedure do not expressly permit the filing of surreplies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply

brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key*, 551 Fed. Appx. at 265 (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). "As many courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. V. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (quoting *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)) (additional citation omitted). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Id.*; *see, e.g.*, *Key*, 551 Fed. Appx. at 265 (holding that district court's denial of motion to file sur-reply was not abuse of discretion due to lack of new arguments raised in reply and six-month delay between filing of reply and motion for sur-reply).

In this case, the timing of the Motion for Surreply does not trouble the Court. As Plaintiff filed the Motion for Surreply, with her proposed surreply attached thereto, shortly after the motion regarding standard of review became ripe, the filing of the Motion for Surreply did not create any delay for Defendant or the Court. (*See* DN 24 (reply regarding standard of review filed July 16, 2015); DN 25 (Motion for Surreply filed July 31, 2015).) More significantly, however, the Court disagrees with Plaintiff's characterization of Defendant's reply regarding the standard of review as raising new arguments. In the Court's view, Defendant's reply actually responds to arguments raised in Plaintiff's response, which is in keeping with the nature and purpose of a response. Specifically, in her response, Plaintiff argues that Defendant cannot meet its purported burden of proving that it – or an authorized person affiliated with it – actually exercised discretion in relation to Plaintiff's insurance claims. (DN 22 at 13.) In its reply,

Defendant responds to this argument. (DN 24 at 14-15.) "The Court finds that this argument is not a new argument but rather a counterpoint in response to Plaintiff['s] theory" regarding the exercise of discretion by a plan administrator. *Liberty Legal Found*, 875 F. Supp. 2d at 797. "This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a reply brief." *Id.* at 797-98. The Court finds that Plaintiff's request for leave to file a surreply is merely an attempt to have the last word on this issue. This is "precisely the reason that sur-replies are so thoroughly disfavored[.]" *Id.* at 798.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a surreply (DN 25) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion regarding the standard of review (DN 20) stands fully briefed and ripe for review. The surreply tendered by Plaintiff (DN 25-1) is NOT deemed a timely pleading and will NOT be taken into consideration in opposition to Defendant's motion regarding the standard of review.

cc: Counsel of record