UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JILL ROSE,                                                                                              Plaintiff,

v.                                                                      Civil Action No. 3:15-cv-28-DJH-CHL

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,                                                                                            Defendant.

* * * * *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jill Rose brought this action under the Employee Retirement Income Security Act (ERISA) alleging that Defendant Liberty Life Assurance Company of Boston wrongly denied her claim for disability insurance benefits. (Docket No. 1)  The issue now before the Court is which standard of review the Court should apply in its examination of Liberty Life's decision to deny Rose benefits.  Liberty Life has moved the Court to apply the highly deferential arbitrary and capricious standard.  (D.N. 20)  Rose argues for de novo review, under which no deference would be given to Liberty Life's decision.  The issue turns on whether the applicable plan documents grant Liberty Life discretionary authority.  Although the policy documents are silent on this point, the Plan Document and Summary Plan Description (SPD) contain clear grants of discretion.  The Court thus concludes that the arbitrary and capricious standard of review applies.

**I.**

A participant in or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A denial of benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the

1

administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan grants discretion to an administrator, the Court reviews the administrator's decision under the arbitrary and capricious standard. *Wells v. U.S. Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1247 (6th Cir. 1991). The Sixth Circuit requires "that the plan's grant of discretionary authority to the administrator be 'express.'" *Yeager v. Reliance Std. Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996) (quoting *Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1990)).

## II.

Liberty Life acknowledges that the policy itself contains no grant of discretion. The reason for this silence, it notes, is that applicable Michigan law prohibits discretionary clauses in such policies. (D.N. 20-1, PageID # 353) However, according to Liberty Life, the law does not prohibit inclusion of discretionary clauses "in any other ERISA-regulated document, such as the Plan Document or SPD." (*Id.*) Liberty Life further contends that where the policy is silent regarding discretion, the Court may examine "other relevant documents, such as the Plan Document and the SPD, 'to determine the appropriate standard of review.'" (*Id.* at 354 (quoting *Pettaway v. Teachers Ins. & Annuity Ass'n of Am.*, 644 F.3d 427, 433 (D.C. Cir. 2011))) Therefore, Liberty Life argues, its decisions should be reviewed under the arbitrary and capricious standard because there is clear discretionary language in the Plan Document and the SPD. (*Id.*)

Rose, on the other hand, contends that the standard of review should be de novo. She points out that the policy was issued in Michigan to a Michigan resident, and the express terms clearly specify that Michigan law shall govern. (*See* D.N. 22, PageID # 377) Since Michigan

2

insurance regulations "specifically prohibit the use of discretionary clauses (language that would alter the standard of review) in ERISA plans," Rose asserts, any such clause in the policy, "and by extension the plan terms," is prohibited. (*Id.*) Additionally, Rose argues that because a Summary Plan Description cannot alter plan terms, any discretionary language in that document has no binding effect on the overall policy. (*Id.* at 380)

### III.

To determine the applicable standard of review, the Court must first decide whether the Plan Document and Summary Plan Description are relevant documents for purposes of determining whether a discretionary clause exists. If the discretionary language in these documents may be considered, the Court must then determine whether the Michigan ban on discretionary clauses renders those provisions void.

With respect to whether the Court may consider the SPD and Plan Document, Rose relies on *Cigna Corp. v. Amara*, 131 S. Ct. 1866 (2011), in which the Supreme Court concluded that "the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan." *Id.* at 1878. *Amara* is not dispositive here. First, "even after *Amara*, a plan sponsor can still give a SPD controlling effect by incorporating it into its plan by reference." *Caesars Entm't Operating Co. v. Johnson*, No. 3:13-CV-620-CRS, 2015 U.S. Dist. LEXIS 30221, at *19 (W.D. Ky. Mar. 12, 2015) (citing *Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 620 (6th Cir. 2013)). Further, "ERISA's statutory text suggest[s] that multiple plan documents can be legally relevant," and "the ERISA sections on fiduciary responsibilities imply that there will be multiple legally important plan documents." *Rice v. Sun Life & Health Ins. Co.*, No. 1:12-CV-1362, 2014 U.S. Dist. LEXIS 127, at *13 (W.D. Mich. Jan. 2, 2014) (quoting *Pettaway*, 644 F.3d at 433).

The Sixth Circuit has recognized that determining whether discretionary authority exists "requires an examination of the plan documents." *Lee v. MBNA Long Term Disability & Benefit Plan*, 136 F. App'x 734, 743 (6th Cir. 2005) (finding application of arbitrary and capricious standard appropriate based on "[t]he language of the SPD").

In this case, the SPD is expressly incorporated into the Plan Document. (*See* D.N. 20-1, PageID # 361-62 (quoting Plan Doc. at 5-6))  And both the Plan Document and the SPD expressly grant discretionary authority.  The Plan Document states that the Claims Administrator has "the sole and absolute discretion to decide claims and appeals" and "'shall have such discretionary power as may be necessary in order to carry out' its assigned duties and powers." (*Id.*, PageID # 360 (quoting Plan Doc. § 6.5(a)))  The SPD likewise grants discretion, stating that Claims Administrators have "'the sole and absolute discretion to interpret the Plan Document,' . . . and that such interpretations 'are conclusive and binding on all persons claiming benefits under, or otherwise having an interest in, the Program.'"  (*Id.* (quoting SPD at 30))  This language satisfies the Sixth Circuit's requirement that a grant of discretion "be 'express.'"  *Yeager*, 88 F.3d at 380 (quoting *Perry*, 900 F.2d at 965)).

The Court must next decide whether Michigan's administrative rule prohibiting discretionary clauses applies to these provisions.   The rule in question is Michigan Administrative Code Rule 500.2202, titled "Insurance Policy Forms – Discretionary Clauses," which went into effect on July 1, 2007.  In *American Council of Life Insurers v. Ross*, the Sixth Circuit held "that the Michigan rules fall within the ambit of ERISA's savings clause and are not preempted by that statute."  558 F.3d 600, 609 (6th Cir. 2009); *see also Markey-Shanks v. Metro. Life Ins. Co.*, No. 1:12-CV-342, 2013 U.S. Dist. LEXIS 102412, at *17 (W.D. Mich. July 23, 2013).  However, the Sixth Circuit did not decide whether the ban on discretionary clauses

4

extends to plan documents or SPDs, which are "federally mandated ERISA plan documents regulated by the Department of Labor." *Hess v. Metro. Life. Ins. Co.*, 91 F. Supp. 3d 895, 900 (E.D. Mich. 2015).

Michigan Administrative Code Rule 500.2202 provides, in pertinent part, that "an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a discretionary clause." Mich. Admin. Code R. 500.2202(2)(b). It further states that "a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect." *Id*. at 2(c). Insurers operating in Michigan must submit to the commissioner of Michigan's Office of Financial and Insurance Services (OFIS) "a list of all forms in effect in Michigan that contain discretionary clauses," as well as "a certification that the list is complete and accurate." *Id*. at 2(e).

The word "form" is defined by M.C.L. § 500.2236(1). Mich. Admin. Code R. 500.2201(2)(d). The forms listed in that statute are "basic insurance policy" forms, "annuity contract" forms, "insurance or annuity application" forms, "printed rider or indorsement" forms, "form[s] of renewal certificate," and "group certification[s]." M.C.L. § 500.2236(1). Section 500.2236 provides that such forms "shall not be issued or delivered to a person in this state, until a copy of the form is filed with the department of insurance and financial services and approved by the director of the department of insurance and financial services as conforming with the requirements of this act and not inconsistent with the law." *Id*. The Eastern and Western Districts of Michigan have observed that "[a]n ERISA Plan or SPD is not among the documents subject to approval by the Commissioner." *Hess*, 91 F. Supp. 3d at 901 (quoting *Markey-Shanks*, 2013 U.S. Dist. LEXIS 102412, at *19-20).

5

The courts in *Hess* and *Markey-Shanks* focused on this omission. In *Markey-Shanks*, the court noted that the discretionary clause in question was found "not in the Policy, but in the ERISA plan document itself, which is not subject to regulation by the Commissioner." 2013 U.S. Dist. LEXIS 102412, at *19. Based on the plain language of the Michigan administrative rules, the court found that the rules "do not apply to ERISA SPDs and other plan documents subject to federal regulation." *Id*. at 20 (citing 29 C.F.R. § 2520.102-3). Accordingly, the court held that the arbitrary and capricious standard applied. *Id*. Expanding on that holding, the court in *Hess* applied the arbitrary and capricious standard "based on the reservation of discretionary authority . . . to defendant in the SPD." 91 F. Supp. 3d at 901-02.

The Court agrees with the reasoning in *Hess* and *Markey-Shanks* and therefore concludes that Michigan Administrative Code Rule 500.2202 does not bar grants of discretion in an SPD or plan document. Because the SPD and Plan Document in this case expressly grant discretionary authority to Liberty Life with respect to denial of benefits, the denial of Rose's claim should be reviewed under the arbitrary and capricious standard.

Rose's contention that the de novo standard should apply because Liberty Life has not presented proof that it actually exercised discretion barely warrants discussion. Liberty Life's denial of Rose's claim for benefits is the basis of this lawsuit. (*See* D.N. 1, PageID # 2-3) Moreover, Liberty Life cited evidence of that denial in its motion. (*See* D.N. 20-1, PageID # 358 (citing correspondence in administrative record regarding Liberty Life's initial denial of claim and subsequent decision on appeal)) Likewise, Rose's argument that Liberty Life has offered no evidence that the discretionary clauses in the Plan Document and SPD apply to Liberty Life is clearly meritless; each document grants discretion to the Claims Administrator, and the SPD identifies Liberty Life as the Claims Administrator. (*See* D.N. 18, PageID # 89 (Plan Document

6

defining "Claims Administrator" as "the Initial Claims Reviewer or the Appeals Administrator, depending on the context in which the term is used"); *id.* (defining "Appeals Administrator" by reference to SPD); *id.*, PageID # 92 (defining "Initial Claims Reviewer" by reference to SPD); *id.*, PageID # 155 (SPD identifying Liberty Life as "Claims Administrator for Claims for Plan Benefits"))

Nor is the Court persuaded by Rose's judicial-estoppel argument. Although Liberty Life has conceded in previous cases that the Michigan administrative rules applied, Rose has not shown that Liberty Life is estopped from arguing otherwise here. In each of the cited cases, Liberty Life conceded that the Michigan rules apply to insurance *policies*. (*See* D.N. 22-1, PageID # 402 (statement in brief of Liberty Life from *James v. Liberty Life Assurance Co.* that Michigan rules applied to "the DTE Energy LTD Policy"); D.N. 22-2, PageID # 425 (statement in brief of Liberty Life from *Foorman v. Liberty Life Assurance Co.* that "the OFIS Rules are applicable only to insurance policies issued or delivered in the state of Michigan")) Here, Liberty Life does not dispute that the rules apply to the *policy*; the issue is whether Rule 500.2202 bars the grants of discretion in the SPD and Plan Document. (*See* D.N. 20-1, PageID # 364) As explained above, the Court finds that it does not.

### IV.

Liberty Life had discretionary authority under the plan, and it exercised that authority in denying Rose's claim for benefits. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the Motion for Application of the Arbitrary and Capricious Standard of Review (D.N. 20) is **GRANTED**.

March 22, 2016

David J. Hale, Judge
United States District Court